# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STEPHEN MURPHY (#34877)                                   CIVIL ACTION

VERSUS

SHREVEPORT POLICE FEDERAL                          NO. 16-0028-BAJ-EWD
CREDIT UNION, ET AL.

## O R D E R

Before the Court is a Complaint filed by a *pro se* plaintiff on a form for the assertion of a violation of his constitutional civil rights pursuant to 42 U.S.C. § 1983.   The plaintiff is an inmate incarcerated at the Caddo Correctional Center, Shreveport, Louisiana, and he has named as defendants the Shreveport Police Federal Credit Union, the Shreveport Airport Authority and the National Rape Crisis Hotline.   The plaintiff's factual allegations are unclear, but the Court interprets his pleading as complaining regarding exposure to toxic chemicals, specifically because he alleges that "the chemical that was spray from the airplane's that was used in the gulf oil spilled caused colon cancer were [sic] I Stephen Murphy had sugury [sic] in the lower part of my belly." The plaintiff prays for an award of monetary damages.

The plaintiff has neither paid the Court's filing fee nor submitted a properly completed motion to proceed *in forma pauperis* herein.   In any event, the statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings challenging the conditions of their confinement compels the conclusion that the plaintiff is not entitled to proceed as a pauper in this case.   This statute, 28 U.S.C. § 1915, provides, in pertinent part:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or

proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   *See also Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious, or for failure to state a claim.[1]   Accordingly, the plaintiff is barred from proceeding *in forma pauperis* in this case,[2] and he is required to pay the full amount of the Court's filing fee, without the benefit of periodic installment payments.   Therefore;

**IT IS ORDERED** that the plaintiff is granted 21 days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment.   No partial payments will be accepted.   Failure to pay the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on March 10, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

1.   Cases filed by the plaintiff while incarcerated that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, *Stephen Murphy v. George W. Bush*, Civil Action No. 02-358 (W.D. La.), *Stephen Murphy v. Donald Walter, et al.*, Civil Action No. 02-548 (W.D. La.), and *Stephen Murphy v. Northwest Airlines, et al.*, Civil Action No. 02-549 (W.D. La.).

2.   The Court finds that the allegations of the plaintiff's Complaint do not fall within the exception to the statute.